UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME LENORDA POWELL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BELLINGHAM, *et al.*, <br><br> Defendants. | CASE NO. 2:22-CV-874-RSL-DWC <br><br> ORDER DECLINING TO SERVE |

Plaintiff Jerome Lenorda Powell, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by **August 12, 2022** to cure the deficiencies identified herein.

I.  **Background**

In the Complaint, Plaintiff alleges his constitutional rights were violated during his 2020 arrest and subsequent criminal prosecution. Dkt. 1-1. He names as Defendants the City of Bellingham, Officer David Starkovich, Officer Avery Lyons, Sergeant Dennis James, Officer

Michael Shannon, Rite Aid Pharmacy, and Jordan Westergreen and Alden Nagel of Rite Aid Pharmacy.

Plaintiff alleges that on April 18, 2020, he was falsely accused of robbery and burglary after leaving a Rite Aid Pharmacy in Bellingham. Dkt. 1-1 at 6. He claims that Jordan Westergreen, an individual employed by Rite Aid as a loss prevention officer, assaulted him outside the building. *Id*. at 7. Plaintiff states Officer Shannon then conspired with Westergreen and another Rite Aid employee, Alden Nagel, to falsely charge him with crimes by fabricating police reports and affidavits of probable cause, failing to retain video evidence, and labeling Plaintiff as a violent criminal. *Id*. at 6.

Plaintiff further alleges that when he was arrested later that day, Officers Starkovich and Lyons used excessive force during the arrest by hitting him with shotgun batons, pepper spray, and beanbag rounds. *Id*. at 5.

In connection with these allegations, Plaintiff claims that the City of Bellingham, and more specifically its Police Department, has a common policy, practice and procedure of fabricating police reports and using excessive force in order to make arrests. *Id*. at 8. He further alleges that Rite Aid Pharmacy and the City of Bellingham through a Police Sergeant Dennis James have engaged in negligent hiring, supervision, and training. *Id*. at 13.

As relief, Plaintiff requests that the City of Bellingham be ordered to pay punitive and compensatory damages; that Officer Shannon be fired and ordered to have no contact with Plaintiff; and that Rite Aid be ordered to pay punitive damages.

**II.  Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

   A.  Heck v. Humphrey

The Complaint relates to Plaintiff's April 18, 2020 arrest and subsequent criminal prosecution in Whatcom County Superior Court, Case Number 20-1-00437-8. *See Powell v. Bellingham Police Dept.*, Case No. 2:22-cv-00251-RSM-BAT, 2022 WL 1813558, at *2 (May 6, 2022) (Tsuchida, J.).[1] The Complaint contains numerous claims that appear to be barred under *Heck v. Humphrey*, 512 U.S. 477 (1995) because they necessarily imply the invalidity of Plaintiff's criminal conviction related to the April 2020 arrest, criminal prosecution, and

---

[1] Plaintiff filed a previous complaint in this District on March 2, 2022, asserting claims relating to the same arrest and conviction at issue in this captioned case. *See Powell*, 2022 WL 1813558, at *2-4. In that case, the Court took judicial notice of Plaintiff's criminal proceedings in state court, including his initial appearance in the Whatcom County Superior Court on April 20, 2020, and his subsequent guilty plea and sentence, as well as his post-conviction efforts. *See id*., at *2. In this case, the Court will also take judicial notice of those proceedings.

conviction. The claims include injuries and wrongs related to false police reports, affidavits of probable cause, and witness statements (Counts II, III, IV); and failure to retain favorable evidence (Count I).

Under *Heck*, a plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of [his] suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's allegations stem from his 2020 arrest and ultimate conviction. *See* Dkt. 1-1. He alleges his rights were violated and the arrest and convictions were unlawful. Thus, if the Court were to grant Plaintiff the relief requested in the Complaint his underlying convictions could be invalidated.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying conviction, the Complaint may not be maintained under § 1983 unless Plaintiff can show the conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of

habeas corpus. As Plaintiff's current conviction has not been reversed and as the validity of the conviction would be called into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must show cause why the Complaint should not be dismissed as *Heck* barred.

B. Improper Defendants

Plaintiff names Rite Aid Pharmacy as a Defendant. To state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here, in order to state a claim against Rite Aid Pharmacy, Plaintiff must include allegations establishing that Rite Aid should be considered a state actor for purposes of his civil rights claims. However, Plaintiff does not allege Rite Aid is a state actor nor does it appear that Rite Aid is a government entity. Further, Plaintiff has failed to articulate any facts indicating that Rite Aid participated in the acts alleged. Therefore, Rite Aid Pharmacy is not a proper defendant.

The Rite Aid employees, Westergreen and Nagel, are also not state actors. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). "Merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

Plaintiff alleges that Defendants Westergreen and Nagel conspired with a state actor, Officer Shannon. To state a § 1983 claim of involving conspiracy, Plaintiff "must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819,

821 (9th Cir. 1989). Here, the allegations are only that the Rite Aid employees provided false information that led to the filing of a false police report. As such, there are no allegations that Defendants Westergreen and Nagel are state actors or that their actions were "clothed with governmental authority." *See D'Agostino v. N.Y. State Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y 1996) ("[i]t is uniformly recognized . . . that a private party does not conspire or joint act with a state actor simply by complaining to the police.") (citations omitted). Additionally, as the alleged conspiracy goes to Plaintiff's criminal conviction, the allegations are barred under *Heck*, as discussed above.

    C. Municipal Liability

Plaintiff names the City of Bellingham as a Defendant in his Complaint. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer*, 844 F.2d at 633; *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A municipality may be the subject of a § 1983 claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, Plaintiff must show that Defendant's employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

A municipality will not be liable for acts of negligence by its employees for an unconstitutional act by a non-policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Here, Plaintiff has not alleged Defendant's employees deprived him of his civil rights through an official custom or policy. Rather, the Complaint alleges that police officers involved deviated from any possible City policy by "fabricating" police reports and using excessive force in relation to Plaintiff's arrest and prosecution. Dkt. 1-1 at 6, 8, 13, 18. He does not explain how the alleged unlawful actions were in compliance with a custom or policy of the City, nor whether the City ratified the alleged unlawful conduct. Because he does not explain how the City's policies were the moving force behind the alleged constitutional violations, he has not stated a claim for which this Court can offer a remedy. *See Monell*, 436 U.S. at 690-91, 94.

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

1  Plaintiff shall present the amended complaint on the form provided by the Court. The
2  amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same
3  case number, and it may not incorporate any part of the Complaint by reference. The amended
4  complaint will act as a complete substitute for the Complaint, and not as a supplement. *See*
5  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other*
6  *grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court will screen the
7  amended complaint to determine whether it contains factual allegations linking each Defendant
8  to the alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute
9  for the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and
10 relevant facts in the body of the amended complaint.

11  The Court will not authorize service of the amended complaint on any Defendant who is
12 not specifically linked to a violation of Plaintiff's rights.

13  If Plaintiff fails to file an amended complaint or fails to adequately address the issues
14 raised herein on or before **August 12, 2022**, the undersigned will recommend dismissal of this
15 case.

16  The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
17 civil rights complaint and for service and send copies of this Order and Pro Se Instruction Sheet
18 to Plaintiff.

19  Dated this 13th day of July, 2022.

　　　　　　　　　　　　　　　　　　　　　David W. Christel
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge