UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME LENORDA POWELL, II,

Plaintiff,

v.

CITY OF BELLINGHAM, *et al.*,

Defendants.

CASE NO. 2:22-CV-874-RSL-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff Jerome Lenorda Powell, who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action, filed a second request for Court-appointed counsel. Dkt. 10. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood

1  of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light
2  of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
3  Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead
4  facts showing he has an insufficient grasp of his case or the legal issues involved and an
5  inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of*
6  *America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

7        In the Motion, Plaintiff restates his request for counsel, alleging that he is unable to
8  afford counsel, is limited in his ability to litigate this case due to his imprisonment and lack of
9  formal education, and is expecting a trial in this matter to be complex. Dkt. 10. These are the
10 same assertions Plaintiff presented in his first Motion to appoint counsel; in fact, the instant
11 Motion appears to an exact copy of his first Motion, with only a change of filing date. *See* Dkt. 6,
12 10. Upon review, the Court finds the second Motion contains no reasons supporting Plaintiff's
13 need for Court-appointed counsel. Plaintiff has not shown, nor does the Court find, this case
14 involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual
15 basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to
16 succeed on the merits of this case. In fact, at this time, the Court has declined to serve Plaintiff's
17 Complaint. *See* Dkt. 7. As such, the Court finds Plaintiff has failed to show the appointment of
18 counsel is appropriate at this time. Therefore, Plaintiff's second Motion for Court-appointed
19 counsel (Dkt. 10) is denied.

20       Dated this 26th day of August, 2022.

David W. Christel
United States Magistrate Judge