1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   JEROME LENORDA POWELL, II,

11              Plaintiff,

12       v.

13   CITY OF BELLINGHAM, *et al.*,

14              Defendants.

CASE NO. 2:22-CV-874-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: September 23, 2022

15

16        The District Court has referred this action to United States Magistrate Judge David W.

17   Christel. Plaintiff Jerome Lenorda Powell, proceeding *pro se*, filed a 42 U.S.C. § 1983 civil

18   rights complaint. Dkt. 5. By separate Order, the Court has granted Plaintiff's motion for leave to

19   proceed *in forma pauperis* ("IFP"). Dkt. 4. The Court screened the complaint under 28 U.S.C. §

20   1915A, identified deficiencies in the complaint, and directed Plaintiff to file an amended

21   complaint curing the deficiencies. Dkt. 7. On August 10, 2022, Plaintiff filed an amended

22   complaint. Dkt. 9.

23        The Court has reviewed Plaintiff's amended complaint and finds Plaintiff has not cured

24   the deficiencies identified in the Court's Order directing him to file an amended complaint.

Therefore, the Court recommends this matter be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915A(a) and 1915(e).

## I.    Background

In the amended complaint, Plaintiff alleges his constitutional rights were violated during his 2020 arrest and subsequent criminal prosecution. Dkt. 9. He names as Defendants the City of Bellingham, Officer David Starkovich, Officer Avery Lyons, Sergeant Dennis James, Officer Michael Shannon, and Jordan Westergreen and Alden Nagel of Rite Aid Pharmacy. *Id*.

Plaintiff alleges that on April 18, 2020, he was falsely accused of robbery and burglary after leaving a Rite Aid Pharmacy in Bellingham. Dkt. 9 at 10. He claims that Jordan Westergreen, an individual employed by Rite Aid as a loss prevention officer, assaulted him outside the building. *Id*. at 6–7. Plaintiff states Officer Shannon then conspired with Westergreen and another Rite Aid employee, Alden Nagel, to falsely charge him with crimes by fabricating police reports and affidavits of probable cause, failing to retain video evidence, and labeling Plaintiff as a violent criminal. *Id*. at 8–14; 16–17; 21–23.

Plaintiff further alleges that when he was arrested later that day, Officers Starkovich and Lyons used excessive force during the arrest by hitting him with shotgun batons, pepper spray, and beanbag rounds. *Id*. at 5, 23.

In connection with these allegations, Plaintiff claims that the City of Bellingham, and more specifically its Police Department, has a common policy, practice and procedure of fabricating police reports and using excessive force in order to make arrests. *Id*. at 6, 12, 20. He further alleges that Rite Aid Pharmacy and the City of Bellingham through a Police Sergeant Dennis James have engaged in negligent hiring, supervision, and training. *Id*. at 18, 21.

1    As a result of these allegations, Plaintiff asserts he has physical injuries, now suffers from

2    PTSD and a mental breakdown, and has lost wages and financial support from his family. *Id*. at

3    6, 15, 17, 19. As relief, Plaintiff requests punitive and compensatory damages, and that Officer

4    Shannon be fired and ordered to have no contact with Plaintiff. *Id*. at 24.

5    **II.    Discussion**

6    Plaintiff was notified of his complaint's deficiencies in the Order directing him to file an

7    amended complaint, but he has not cured those deficiencies with his amended complaint. *See*

8    Dkt. 7. The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to

9    mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or

10    malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

11    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*

12    *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

13    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

14    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

15    *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

16    ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

17    1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

18    *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

19    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

20    must nevertheless contain factual assertions sufficient to support a facially plausible claim for

21    relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

22    U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

23

24

1  content that allows the court to draw the reasonable inference that the defendant is liable for the

2  misconduct alleged." *Iqbal*, 556 U.S. at 678.

3          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

4  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

5  the violation was proximately caused by a person acting under color of state or federal law. *West

6  v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The

7  first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly

8  infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff

9  must allege facts showing how individually named defendants caused, or personally participated

10  in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

11  1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

12          A.      *Heck v. Humphrey*

13          The amended complaint relates to Plaintiff's April 18, 2020 arrest and subsequent

14  criminal prosecution in Whatcom County Superior Court, Case Number 20-1-00437-8. *See

15  Powell v. Bellingham Police Dept.*, Case No. 2:22-cv-00251-RSM-BAT, 2022 WL 1813558, at

16  *2 (May 6, 2022) (Tsuchida, J.).[1] The amended complaint contains numerous claims that are

17  barred under *Heck v. Humphrey*, 512 U.S. 477 (1995) because they necessarily imply the

18  invalidity of Plaintiff's criminal conviction related to the April 2020 arrest, criminal prosecution,

19  and conviction. The claims include injuries and wrongs related to false police reports, affidavits

20

21

22          [1] Plaintiff filed a previous complaint in this District on March 2, 2022, asserting claims relating to the same
23  arrest and conviction at issue in this captioned case. *See Powell*, 2022 WL 1813558, at *2-4. In that case, the Court
   took judicial notice of Plaintiff's criminal proceedings in state court, including his initial appearance in the Whatcom
   County Superior Court on April 20, 2020, and his subsequent guilty plea and sentence, as well as his post-conviction
24  efforts. *See id.*, at *2. In this case, the Court will also take judicial notice of those proceedings.

1   of probable cause, and witness statements (Counts I, II, III); and failure to retain favorable

2   evidence (Count I).

3        Under *Heck*, a plaintiff may only recover damages under § 1983 for allegedly

4   unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would

5   render the imprisonment invalid, if he can prove the conviction or other basis for confinement has

6   been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

7   authorized to make such a determination, or called into question by a federal court's issuance of a

8   writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A "§ 1983 action is barred (absent prior

9   invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of

10  [his] suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that

11  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*

12  *Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

13       Here, Plaintiff's allegations stem from his 2020 arrest and ultimate conviction. *See* Dkt. 9.

14  He alleges his rights were violated and his conviction was unlawful. Thus, if the Court were to

15  grant Plaintiff the relief requested in the amended complaint his underlying convictions could be

16  invalidated.[2]

17       As Plaintiff's allegations amount to an attack on the constitutional validity of his

18  underlying conviction, the amended complaint may not be maintained under § 1983 unless

19  Plaintiff can show the conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v.*

20  *Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his conviction has been

21

22       [2] In Count I, Plaintiff asserts "I'm not challenging the arrest." Dkt. 9 at 5–6. However, Plaintiff directly
23  thereafter asserts that he was arrested based on "trumped up charges and falsely fabricated police reports." *Id*. at 6.
    Construing the amended complaint liberally and reading it as a whole, the Court maintains that, despite Plaintiff's
    assertion that he is not challenging his arrest, if the Court were to grant Plaintiff the requested relief his underlying
24  convictions could be invalidated. Thus, as found herein, the claims are barred by *Heck*.

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of

a writ of habeas corpus. As Plaintiff's current conviction has not been reversed and as the

validity of the conviction would be called into question if Plaintiff were to prove the facts of this

case, his claims are barred by *Heck* and should be dismissed.

    B.    *Improper Defendants*

    In the amended complaint, Plaintiff again names Rite Aid employees Westergreen and

Nagel as Defendants. Dkt. 9. These employees are not state actors. Generally, private persons

cannot be liable under section 1983 unless their actions were 'clothed' with governmental

authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin

Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). "Merely complaining to the police does not convert a

private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

    Plaintiff alleges that Defendants Westergreen and Nagel conspired with a state actor,

Officer Shannon. To state a § 1983 claim of involving conspiracy, Plaintiff "must state specific

facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819,

821 (9th Cir. 1989). Here, the allegations are only that the Rite Aid employees provided false

information that led to the filing of a false police report. As such, there are no allegations that

Defendants Westergreen and Nagel are state actors or that their actions were "clothed with

governmental authority." *See D'Agostino v. N.Y. State Liquor Auth.*, 913 F. Supp. 757, 770

(W.D.N.Y 1996) ("[i]t is uniformly recognized . . . that a private party does not conspire or joint

act with a state actor simply by complaining to the police.") (citations omitted). Additionally, as

the alleged conspiracy goes to Plaintiff's criminal conviction, the allegations are barred under

*Heck*, as discussed above.

C.    *Municipal Liability*

In the amended complaint, Plaintiff again names the City of Bellingham as a Defendant. Dkt. 9. A municipality or entity may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). To set forth a claim, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91.

A municipality will not be liable for acts of negligence by its employees for an unconstitutional act by a non-policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1989). Only if a plaintiff shows that his injury resulted from a "permanent and well-settled" practice may liability attach for injury resulting from a local government custom. *Id*. at 1444 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

Here, the amended complaint provides no facts showing that the alleged constitutional violations were a product of a City custom, pattern, or policy. Dkt. 9. While Plaintiff does make a conclusory allegation about a City custom, the fatal flaw in his *Monell* claim is that it only describes one event in which fabricating false reports and excessive force took place: Plaintiff's own arrest and prosecution. *See generally*, Dkt. 9. Courts are wary of *Monell* custom, pattern, or

policy claims based on single events because single-event claims come too close to the *respondeat superior* theory of liability, which the Supreme Court expressly rejected in *Monell*. *Monell*, 436 U.S. at 691; *Thompson*, 885 F.2d at 1444. Thus, the single event alleged by Plaintiff in his amended complaint is not enough to adequately allege a municipal custom, pattern, or policy, and the claim should be dismissed.

D.     *Leave to Amend*

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff has been put on notice of the deficiencies of his complaint but did not cure the deficiencies. Dkts. 5, 7. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**III.     Conclusion**

The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the complaint. Therefore, the Court recommends the case be dismissed for failure to state a claim and additional leave to amend not be given.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

5  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

7  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

8  September 23, 2022, as noted in the caption.

9    Dated this 8th day of September, 2022.

10

11    _____

12    David W. Christel
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 9